## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NIKOLAI TANKOVICH. MD, PHD,

               Plaintiff,

     v.

CANDELA CORPORATION,
               Defendant.

C.A. No. 1:22-CV-01458-RGA

**JURY TRIAL DEMANDED**

### [PROPOSED] STIPULATED PROTECTIVE ORDER

Nikolai Tankovich, M.D., Ph.D. ("Dr. Tankovich") and Candela Corporation ("Candela") anticipate that the discovery and pretrial phases of this action may involve the discovery and disclosure of certain information, documents, and things in the possession, custody, or control of Dr. Tankovich, Candela, or non-parties that constitute or contain trade secrets and other confidential and proprietary business, technical, financial, and personal information. The parties desire to protect the confidentiality of such information in order to preserve the legitimate business interests of the parties or non-parties without limiting discovery herein. Accordingly, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information.

IT IS HEREBY ORDERED:

1.     **Proceedings and Form of Information Governed**

This Protective Order shall govern any document, information, or other thing, including information in electronic form, furnished by any party or non-party to any party in connection with the discovery and pretrial phases of this action. The form of information protected includes, but is not limited to, deposition testimony and exhibits and all copies of extracts, summaries, compilations,

designations, and portions thereof, and responses to requests to produce documents or things, interrogatories, requests for admission, and third-party subpoenas.

2. **Definitions**

a. The term "Confidential Information" is defined to include any document or other tangible thing or any electronically stored information or oral testimony that contains or reveals what a party or non-party considers to be its trade secret, business, confidential, or proprietary information, and/or other sensitive information that tends to give the possessing party a competitive business advantage and that the producing party designates pursuant to this Protective Order. Confidential Information may include without limitation documents produced in the course of discovery or otherwise, answers to interrogatories, answers to requests for admission, deposition testimony, and deposition exhibits that are so designated.

b. The term "Highly Confidential Information" is defined to include Confidential Information that constitutes or reflects (i) sensitive financial or strategic commercial information and other sensitive business information, (ii) research and development information and other sensitive technical information, (iii) patent applications and prosecution related thereto (to the extent not publicly available); or (iii) other information disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Producing Party. Examples of such information may include without limitation: (1) unpublished, pending patent applications; (2) sensitive data or other research and development information, including technical information that is not otherwise available to the public or new product designs that have not been introduced to the market, commercialized, or otherwise disclosed to the public; (3) customer lists, new business development, and business relationships with third parties; (4) distributor and supplier agreements and licenses and; (5) unpublished financial, sales, marketing, and strategic business planning information; (6) competitor market analysis; and (7) third party

2

information designated by the third party as Highly Confidential.

       c.      The term "Designating Party" or "Producing Party" refers to the party or non-party that designates information or items that it produces in disclosures or in responses to discovery as Confidential Information.

       d.      The term "Receiving Party" refers to the party that receives Confidential Information from a Designating Party.

       e.       "Patent(s)-in-Suit" refers to U.S. Patent No. 10,675,481 ("the '481 patent") and any patent that is subsequently added to the case pending in the United States District Court Civil Action No. 1:22-CV-01458-RGA (this "Action").

       **3.**      **<u>Designation of Information for Protection Under This Protective Order</u>**

       Any information produced in this action that is reasonably believed by the Producing Party to contain Confidential or Highly Confidential Information may be designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," respectively.  Such designation may be made by stamping or otherwise marking the material prior to production as follows: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The designation "CONFIDENTIAL" may be applied to information which meets one or more of the definitions of "Confidential Information" given above in Section 2(a).  The designation "HIGHLY CONFIDENTIAL" may be applied to information which meets one or more of the definitions of "Highly Confidential Information" given above in Section 2(b).  In the case of written material, documents, or tangible items, the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made on each page or on each thing at or prior to the time the Receiving Party is provided a copy of the information. Any document or thing that cannot be so labeled or marked on its face shall be labeled or marked by placing the appropriate legend in the file name, on a container or package in which it is produced or on a tag attached thereto. Material produced without any such labeling or marking shall not be

subject to the protections afforded under this Protective Order, unless otherwise agreed by the parties, ordered by the Court, or designated in accordance with Section 5 of this Protective Order. If a party designates materials in accordance with Section 5 of this Protective Order, the Producing Party will promptly provide replacement materials with appropriate labels or markings. .

Documents, things and/or information produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of information that is subject to the attorney-client privilege or work-product immunity. Information involving the privacy interests of one or more individuals or subject to data privacy restrictions (such as social security numbers, dates of birth, private addresses or telephone numbers, patient health information, or other personal information) may also be redacted. Information that is not relevant to the claims or defenses at issue in this Action may also be redacted, provided such redactions are clearly noted so that relevancy can be evaluated by the Receiving Party. All documents, things and/or information redacted based on attorney-client privilege or work-product immunity shall be listed on a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5) to be produced at a mutually agreed time. This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

4. **Designations to be Made in Good-Faith**

A Producing Party shall designate information as "CONFIDENTIAL" only upon a good faith belief and basis that such information meets one or more of the definitions of "Confidential Information" set forth in Section 2(a) above. A Producing Party shall designate information as "HIGHLY CONFIDENTIAL" only upon a good faith belief and basis that such information meets one or more of the definitions of "HIGHLY CONFIDENTIAL" set forth in Section 2(b) above.

5.      **<u>Inadvertent Disclosure of Confidential or Highly Confidential Information</u>**

If a party through inadvertence produces or provides discovery of any Confidential or Highly Confidential Information without first labeling, marking, or designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" then the Producing Party may thereafter give written notice promptly after discovery of such inadvertent production or provision of discovery to the Receiving Party that the document, thing, transcript, or other embodiment of Confidential or Highly Confidential Information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and such Confidential or Highly Confidential Information should be treated in accordance with the provisions of this Protective Order.  The Receiving Party or parties must treat such document, thing, transcript, or other embodiment of Confidential or Highly Confidential Information accordingly from the date such notice is received.  Disclosure of such document, thing, transcript, or other embodiment of Confidential or Highly Confidential Information prior to receipt of such notice to persons not authorized to receive it shall not be deemed a violation of this Protective Order or a waiver of the confidential status of the information; however, those persons to whom disclosure was made are to be advised that the material disclosed was "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and must be treated in accordance with this Protective Order.  The provisions of Section 8 of this Protective Order shall apply in the event of any disputes with respect to the propriety or correctness of a party's designation of the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

6.      **<u>Disclosure of Information Designated as "CONFIDENTIAL"</u>**

All documents, information, or other things designated "CONFIDENTIAL" may be disclosed by the Receiving Party, on a need-to-know basis, to and only to:

a.      The Court before which this Action is pending and its official personnel;

b.      The attorneys of record in this Action and their respective partners, associates,

clerks, legal assistants, and support personnel working on this case or whose duties or responsibilities require access to material designated under this Protective Order ("Parties' Outside Counsel");

c.    Court reporters, stenographers, videographers, interpreters, translators, third-party photocopy, data or imaging services contractors, third-party contractors producing graphic or visual aids, jury consultants, mock jurors and other vendors and their respective assistants retained for the purpose of providing professional litigation support services to Parties' Outside Counsel in this Action;

d.    Subject to Section 8, independent experts and consultants retained by outside counsel for Plaintiff or Defendant in this Action, and the employees of such experts and consultants who are assisting them;

e.    Subject to Section 8, Dr. Tankovich and for Candela, two Designated Client Representatives;

f.    Such other persons as hereafter may be designated by written agreement of parties in this action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow) permitting such disclosure; and

g.    An author, recipient, or custodian of the Confidential Information or any deposition witness who is appearing on behalf of the party that produced the Confidential Information.

**7.**    **<u>Disclosure of Information Designated as "HIGHLY CONFIDENTIAL"</u>**

Documents or information designated as "Highly Confidential" Information shall be disclosed, on a need-to-know basis, only to:

a.    The Court before which this Action is pending and its official personnel;

b.    Parties' Outside Counsel;

c.      Court reporters, stenographers, videographers, interpreters, translators, third-party photocopy, data or imaging services contractors, third-party contractors producing graphic or visual aids, jury consultants, mock jurors and other vendors and their respective assistants retained for the purpose of providing professional litigation support services to Parties' Outside Counsel in this Action;

d.      Subject to Section 8, independent experts and consultants retained by outside counsel for Plaintiff or Defendant in this Action, and the employees of such experts and consultants who are assisting them;

e.      Such other persons as hereafter may be designated by written agreement of parties in this action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow) permitting such disclosure; and

f.      An author, recipient, or custodian of the Highly Confidential Information or any deposition witness who is appearing on behalf of the party that produced the Highly Confidential Information.

## 8.    **Procedures for Approving or Objecting to Disclosure of Confidential and Highly Confidential Information**

Before disclosing Producing Party's Confidential Information to any person referred to in Sections 6(d) and 6(e) or Highly Confidential Information to any person referred to in Section 7(d), a Receiving Party must first provide written notice by email to the counsel of record for the Producing Party.  The notice must include a signed copy of the declaration in the form attached hereto as **Exhibit A,** agreeing to be bound by the terms of this Protective Order.  Before disclosing another party's Confidential or Highly Confidential Information to an expert or consultant referred to in Sections 6(d) and 7(d), a Receiving Party must also provide further written notice including: (a) the expert or consultant's name, business title, business address, and business or profession;

(b) a current CV; (c) the expert or consultant's previous or current relationship (personal or professional) with any of the parties (or any known predecessors or successors-in-interest identified to attorneys of record providing notice); (d) a list of cases in which the expert or consultant testified (at trial or deposition) within the last four years; (e) a list of all companies for which the expert or consultant has consulted or that have employed the expert or consultant in his or her areas of expertise or to whom the expert or consultant has provided professional services within the last four years.[1]  The Producing Party shall have seven (7) calendar days from receipt of the written notice to object to the disclosure.  No person referred to in Sections 6(d), 6(e), or 7(d) shall review any Confidential or Highly Confidential Information prior to agreeing to be bound by the terms of this Protective Order and the expiration of the seven (7) calendar days.  If an objection is made, then the parties shall negotiate in good faith to resolve the matter, and if the matter cannot be resolved, the party opposing disclosure shall follow the procedure set forth in ¶3f of the Scheduling Order.  ECF No. 21.  The party opposing disclosure to a particular person shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Confidential or Highly Confidential Information to that person.

9.    **Use of Confidential and Highly Confidential Information**

Confidential and Highly Confidential Information shall be used by the Receiving Party and approved persons to whom it is disclosed solely in preparation for discovery, trial, or settlement of this Action, or for use at trial and in any appellate proceeding concerning this Action and shall

---

[1] If the expert or consultant believes any of this information is subject to a confidentiality obligation to a third-party, then he or she should provide whatever information he or she believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose to the expert or consultant shall be available to meet and confer with the Producing Party regarding any such engagement.

not be used for any other purpose.  Confidential and Highly Confidential Information shall not be disclosed to any person or entity not entitled under this Protective Order to receive it, unless agreed to in writing by all parties to this Action or as authorized by further order of the Court.  This prohibition specifically covers any and all use in connection with any matter other than this Action, including, but not limited to, research, development, manufacture, patent filing or prosecution, business purpose, marketing purpose, regulatory purpose, any communications or any petitions submitted to the FDA, or for any other competitive purpose.

For the avoidance of doubt, no outside counsel other than counsel of record in this Action shall receive Confidential and Highly Confidential Information.  Outside counsel retained by either party for a different action and their law firms' active members, attorneys, law clerks, paralegals and office staff working on that action or proceeding shall not be granted access to Confidential and Highly Confidential Information under this Protective Order.

## 10. **Party's Own Information**

The restrictions on the use of Confidential and Highly Confidential Information established by this Protective Order are applicable only to the use of Confidential and Highly Confidential Information received by a party from another party or from a non-party in connection with this Action.  A party is free to do as it wishes with its own information.

## 11. **Removal**

A party may seek the removal of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designations from particular items.  In such event, the following procedure shall apply:

a. The party or person seeking such removal shall give counsel of record for the party asserting the protection written notice thereof, supported by the reason therefor specifying the document, information, or other thing as to which such removal is sought.

b. The parties shall first try to resolve such dispute in good faith on an informal basis. If the

parties cannot reach agreement concerning the matter within seven (7) calendar days after service of the notice, or such shorter time as the Court may allow, then the party seeking the removal of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designations shall follow procedure set forth in ¶3f of the Scheduling Order.  ECF No. 21.

c.      The party seeking to designate the information and/or document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" has the burden, in response to any such motion, to establish the appropriateness of the protection sought. Notwithstanding any such challenge, all such documents, things or information shall be treated as designated by the Producing Party and shall be subject to the protections afforded under this Protective Order until either: (a) the Court rules that the designation is not proper and that the designation be removed; or (b) the Producing Party agrees in writing to withdraw or re-designating the subject designation(s).

## 12.    Depositions

Information that is a) disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this Action, and/or b) protected by a contractual or statutory confidentiality provision (regardless of the identity of the deponent), may be designated as Confidential or Highly Confidential Information by indicating on the record at the deposition that the testimony is Confidential or Highly Confidential Information and subject to the provisions of this Order.  A party may also designate information disclosed at such deposition as Confidential or Highly Confidential Information by notifying all parties, in writing, of the specific pages and lines of the transcript that contain Confidential or Highly Confidential Information within fourteen (14) days after receipt of the final transcript from the court reporter by counsel for the Designating Party, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their

possession or control as directed by the Producing Party or deponent.  Unless otherwise designated before, all depositions shall be treated as "HIGHLY CONFIDENTIAL" for a period of fourteen (14) calendar days after a full and complete transcript of said deposition is available.  After this fourteen-day period and unless otherwise designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the deposition transcript shall not be treated as containing Confidential Information.

### 13.    **Exclusion From Deposition**

Whenever any documents, information, or other things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information, or other things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

### 14.    **Subpoenas**

In the event any person or party having possession, custody, or control of any Confidential or Highly Confidential Information receives a subpoena, or other process or order to produce such information, such person or party shall notify in writing the attorneys of record of the party claiming such confidential treatment of the item, document, or information sought by such subpoena, process, or order: shall furnish those attorneys of record with a copy of said subpoena, process, or order; and shall provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought to be pursued by the party whose interests may be affected.  If the party asserting confidentiality makes a motion to quash or modify the subpoena, process, or order, there shall be no disclosure of the subject matter objected to pursuant to the subpoena, process, or order until the Court has ruled upon the motion, and then only in accordance with the Court's ruling.  If no such motion is made by the party asserting confidentiality despite a reasonable opportunity to do

so, the person or party receiving the subpoena, process, or order shall be entitled to comply with it, provided it has fulfilled its obligations pursuant to this Order.

15.     **No Waiver**

Other than as specified herein, neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief in this Action or any other action including, but not limited to, the right to claim that any information is or is not proprietary to any party, is or is not entitled to particular protection, or that such information does or does not embody trade secrets or other Confidential or Highly Confidential Information of any party.  The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to confidentiality, nor shall it relieve a party of the necessity of proper response to discovery devices.

16.     **Return of Information**

Within sixty (60) calendar days after the conclusion of this action, whether by judgment and exhaustion of all appeal rights, or by settlement, all Confidential and Highly Confidential Information and all documents that reflect such information shall be (i) delivered to the party that furnished such Confidential and Highly Confidential Information, or (ii) in lieu of delivery to the furnishing party, destroyed, in which event counsel shall give written notice of such destruction to opposing counsel.  The attorneys of record shall ensure that all the Confidential and Highly Confidential Information in the possession, custody, or control of their experts and consultants is also destroyed or returned to the party that furnished such Confidential Information, for return to the producing party or destruction by the receiving party.  In no event shall a party, its experts, or consultants retain a copy of Confidential or Highly Confidential Information produced to it. Notwithstanding the foregoing, outside counsel of record in this Action may retain: (1) one copy

of all pleadings, motions, and briefs (including supporting or opposing memoranda and exhibits), and written discovery responses (including all attachments and exhibits) filed with the Court and/or served upon or by opposing counsel; (2) one copy of each transcript of any depositions (and summaries thereof) taken in this action, including all exhibits thereto; (3) one copy of any transcripts of hearing, status conference, and trial transcripts; (4) one copy of each expert report; (5) all documents or other materials marked as trial exhibits; and (6) all notes, summaries, descriptions, abstracts, or other work product materials prepared in anticipation of or for use in the present action; provided, however that access to Confidential or Highly Confidential Information contained in any of these retained materials shall be limited to outside counsel of record for their own internal use, and that such information shall not be provided to any non-party without the express prior written permission of counsel of record for the opposing party or pursuant to court order.  Counsel need not search emails or back-up files for Confidential or Highly Confidential Information.

### 17.   **Non-Parties**

At the request of a non-party who produces documents or testimony in the case, and who is willing to be bound by the terms of this Protective Order, the terms of this Protective Order will be applied to protect the confidentiality of any documents or information supplied by that third party in the course of this litigation so long as such third party designates the documents or information as Confidential or Highly Confidential Information consistent with the terms of this Protective Order.   The terms of this Protective Order may be applied to the documents, information, and things received by a party from any person who is not a party to this litigation at the election of such person, provided that the nonparty so designates such documents, information, and things.  Nothing in this Protective Order shall prohibit a third party from conferring with the

parties to this litigation regarding the implementation of more restrictive disclosure and/or use requirements for such third party's information.

### 18.   Court's Jurisdiction

The Court retains jurisdiction to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate. The provisions of this Protective Order regarding the use and/or disclosure of Confidential and Highly Confidential information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Protective Order.

### 19.   Privilege Logs

Privileged or work product documents created after the commencement of this Action need not be listed on a privilege log, and failure to do so shall not constitute waiver of any privilege or immunity.   If a document containing privileged information is part of an email thread, the Producing Party shall list on the privilege log only the most recent email in the thread.   The parties shall determine a time for exchange of privilege logs after document production is substantially complete.

### 20.   No Waiver of Privilege

Nothing in this Order shall require production of documents, information, or other material that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege or immunity.   If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege or immunity under Fed. R. Evid. 502(d).

21.    __Inadvertent Disclosure of Privileged Documents__

If a Producing Party discloses to a Receiving Party information that is privileged or otherwise immune from discovery, the Producing Party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be destroyed.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege or immunity may obtain the return or destruction of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.  The Receiving Party must return and/or destroy all copies of the clawed backed documents.  To the extent the Receiving Party challenges the privilege designation, the Receiving Party may promptly seek relief from the Court and, upon request by the Receiving Party, the Producing Party shall provide a copy of the document(s) in question to the Court in order to resolve the dispute.  The parties further agree that the Receiving Party shall destroy any document that, upon substantive review and actual identification of such a document, is on its face protected by attorney-client or work product privilege and shall promptly notify the producing party of the existence and destruction of the document.

22.    __Discoverability of Expert or Consultant Related Materials__

Subject to the requirements of Fed. R. Civ. P. 26(a)(2), the parties agree that the following information related to retained experts or consultants shall not be discoverable: (i) drafts of expert

declarations or reports; (ii) communications between an expert or consultant and any attorney for the party retaining the expert or consultant pertaining to the preparation of any report, declaration, or trial testimony of that expert or consultant, or otherwise in connection with that person's engagement for this Action; and (iii) all notes, memoranda, or other writings prepared by an expert or consultant in connection with that person's engagement for this Action, except to the extent that the expert or consultant specifically relies upon such notes, memoranda, or other writings to form his or her own opinion(s).

### 23.   <u>Other Proceedings</u>

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL"  or "HIGHLY CONFIDENTIAL," pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### 24.   <u>Filing Protective Material</u>

Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order.  Any material designated pursuant to this Order that is filed with the Court shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means. Where reasonably practicable, only the portions of such documents, materials or information that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall

be lodged under seal. If the Court denies a request to seal, unless otherwise ordered by the Court, the party that sought to have the information sealed may publicly file said information in accordance with CM/ECF Procedures or seek to have the filing withdrawn.

### 25.   **Prosecution and FDA Bars**

Absent written consent from the Producing Party, any individual bound by this agreement who receives access to information designated "HIGHLY CONFIDENTIAL" shall not be involved, directly or indirectly, in the prosecution of patents or patent applications relating to the laser systems and methods for tissue therapy on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of the instant action and for two years after its conclusion, including any appeals.  For purposes of this section, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  For the avoidance of doubt, "patent prosecution activities" excludes involvement in post-grant proceedings, such as *Inter Partes* Reviews generally, but includes the drafting, amending, modifying, or advising regarding the drafting, amending, or modifying of patent claims (collectively, "claim drafting activities") before a domestic or foreign agency, including in opposition proceedings, reissue proceedings, *ex parte* reexamination, *inter partes* review, post-grant review, or other such proceedings. .

Absent written consent from the Producing Party, any individual bound by this agreement who receives access to information designated "HIGHLY CONFIDENTIAL" shall not be involved in the preparation or submission of any communications with the FDA or any equivalent foreign agency that relate to the approval requirements for powered laser surgical instruments developed and/or manufactured by Dr. Tankovich or Candela  for the length of this litigation plus one (1) year after the conclusion of this Action, including any appeals therefrom.

These bars shall only apply to individuals who receive or review the designated information set forth above and shall not be imputed to that individual's firm. For clarity, Dr. Tankovich's outside attorneys who receive or review Candela's Highly Confidential Information can participate in post-grant proceedings on behalf of Dr. Tankovich except for claim drafting activities and Dr. Tankovich's outside attorneys who do not receive or review Candela's Highly Confidential Information can participate in post-grant proceedings on behalf of Dr. Tankovich without any limitations; and Candela's outside attorneys who receive or review Dr. Tankovich's Highly Confidential Information cannot participate in patent prosecution activities on behalf of Candela, but Candela's outside attorneys who do not receive or review Dr. Tankovich's Highly Confidential Information can participate in patent prosecution activities on behalf of Candela.

26. **Advice to Clients**

Nothing in this Protective Order shall bar or otherwise restrict an attorney herein from rendering advice to his or her client with respect to this action and, in the course thereof, referring to or relying upon his or her examination of Confidential Information or Highly Confidential Information. In rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose any Confidential Information or Highly Confidential Information if such disclosure would be contrary to the provisions of this Protective Order.

27. **Amendments**

Nothing in this Order abridges the right of any party to seek its modification by the Court in the future.

28. **No Waiver of Right to Object**

By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no party waives any right to object on

any ground to use in evidence of any of the material covered by this Protective Order.  Nothing in this Protective Order shall prejudice the right of any party to object to production of any information for lack of relevance, privilege, or any ground other than confidentiality.

### 29.   Deadlines

All deadlines set forth in this Order shall be calculated pursuant to Federal Rule of Civil Procedure 6 unless otherwise indicated.

### 30.   Non-Confidential Information

No party shall be responsible to another party for any use made of information that is produced and not designated as Confidential Information or Highly Confidential Information.

### 31.   New Parties

In the event that a new party is added, substituted or brought in, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

### 32.   Injunctive Relief

In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved party immediately may apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of the Protective Order in this Court, and in the event that the aggrieved party does so, the responding party, subject to the provisions of the Protective Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. Any action to enforce this Protective Order, whether to obtain the injunctive relief provide by this paragraph or otherwise, shall be brought in this Court.

MORGAN, LEWIS & BOCKIUS LLP

POLSINELLI PC

*/s/ Amy M. Dudash*
Amy M. Dudash (No. 5741)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Tel: 302.574.3000
amy.dudash@morganlewis.com

Jason C. White (admitted *pro hac vice*)
Candace M. Polster (admitted *pro hac vice*)
Eugene S. Hwangbo (admitted *pro hac vice*)
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606
Telephone: 312.324.1000
Fax: 312.324.1001
jason.white@morganlewis.com
candace.polster@morganlewis.com
eugene.hwangbo@morganlewis.com

Olga Berson, Ph.D. (admitted *pro hac vice*)
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
Phone: 310.907.1000
Fax:    310.324.1001
olga.berson@morganlewis.com

David Sean Cox (admitted *pro hac vice*)
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071-3132
Phone: 213.612.2500
Fax:    213.612.2501
david.cox@morganlewis.com

*Attorneys for Plaintiff*

*/s/ Stephen J. Kraftschik*
Stephen J. Kraftschik (#5623)
POLSINELLI PC.
222 Delaware Ave., Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com

Mark T. Deming
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
(312)819-1900
(972) 367-2002 Fax
mdeming@polsinelli.com

Alison N. Krepel
POLSINELLI PC
100 S. Fourth St., Suite 1000
St. Louis, MO 63102
(314)889-8000
akrepel@polsinelli.com

*Attorneys for Defendant*

Dated: February 3, 2023

SO ORDERED this 6 day of February, 2023.

/s/ Richard G. Andrews
United States District Judge

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

NIKOLAI TANKOVICH, MD, PHD,

               Plaintiff,

     v.

CANDELA CORPORATION,
               Defendant.

C.A. No. 1:22-cv-01458-RGA

**JURY TRIAL DEMANDED**

**EXHIBIT A TO THE PROTECTIVE ORDER**

I, _____, declare that:

1.      My home address is

_____, and the address of my present

employer is_____.

2.      My present occupation or job description is_____.

3.      I am assisting counsel for_____in the above-captioned

matter.

4.      My relationship to plaintiff/defendant is

_____.

5.      I have received a copy of the Protective Order (the "Protective Order")

in this action.

6.      I have carefully read and understand the provisions of the Protective Order,

agree to be bound by it, and specifically agree I will not use or disclose any of the contents

of any Confidential Information [and Highly Confidential Information] received under the

protection of the Protective Order in any manner not authorized by the Protective Order. I

agree to subject myself to the jurisdiction of the United States District Court of Delaware

for the purpose of any proceedings relating to the Protective Order, and that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to comply with the Protective Order.

7.      I understand that I am to retain all copies of any of the materials that I receive which have been designated as Confidential Information [and Highly Confidential Information] in a container, cabinet, drawer, room, password protected if an electronic file, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties.  I will return all documents and things constituting Confidential Information [and Highly Confidential Information] that come into my possession or which I have prepared relating thereto, to counsel for the party by whom I am retained or destroy such information in accordance with the Protective Order.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of_____, 20__, in the State of_____.

Name: _____

Title: _____

Signature: _____