IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIKOLAI TANKOVICH, MD, PHD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1458 (RGA) |
| | ) |
| CANDELA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**OPENING BRIEF IN SUPPORT OF DEFENDANT'S RENEWED MOTION TO STAY
PENDING OUTCOME OF *INTER PARTES* REVIEW**

                                                  POLSINELLI PC
                                                  Stephen J. Kraftschik (#5623)
                                                  222 Delaware Avenue, Suite 1101
                                                  Wilmington DE 19801
                                                  (302) 252-0920
                                                  skraftschik@polsinelli.com

OF COUNSEL:
Mark T. Deming                                  *Attorneys for Defendant Candela Corporation*
POLSINELLI PC
150 North Riverside Plaza, Suite 3000
Chicago, IL 60606
(312) 819-1900
mdeming@polsinelli.com

Allison N. Krepel
POLSINELLI PC
100 South Fourth Street, Suite 1000
St. Louis, MO 63102
(314) 889-8000
akrepel@polsinelli.com

June 28, 2022

## **TABLE OF CONTENTS**

I. Nature and Stage of the Proceedings and Statement of Facts .................................................. 1

II. Summary of the Argument .................................................................................................... 3

III. Argument ............................................................................................................................. 3

    A.    There is a High Likelihood A Stay Will Simplify the Issues in this Case. ............. 3

    B.    This Case Is Still in Relatively Early Stages. ........................................................ 5

    C.    A Stay Will Not Unduly Prejudice Plaintiff ........................................................... 7

IV. CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
  C.A. No. 15-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016)...........................................4

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*,
  C.A. No. 05-590 GMS, 2006 WL 2375035 (D. Del. Aug. 16, 2006).......................................3

*Bio-Rad Lab'ys Inc. v. 10X Genomics, Inc.*,
  No. CV 18-1679-RGA, 2020 WL 2849989 (D. Del. June 2, 2020) .................................3, 5, 8

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
  2014 WL 1369721 (D. Del. Apr. 7, 2014).........................................................................4, 5, 7

*British Telecommunications PLC v. IAC/InterActiveCorp*,
  CV 18-366-WCB, 2020 WL 5517283 (D. Del. Sept. 11, 2020)...............................................6

*Canatelo LLC v. AXIS Commn's AB*,
  No. 13-1227, D.I. 57 (May 15, 2014) .......................................................................................7

*Consumeron, LLC v. MapleBear Inc.*,
  CV 21-1147-GBW-MPT, 2023 WL 3434002 (D. Del. May 12, 2023).............................3, 4, 6

*Ethicon LLC v. Intuitive Surgical, Inc.*,
  No. C.A. No. 17-871-LPS, 2019 WL 1276029 (D. Del. Mar. 20, 2019) .................................6

*Helios Streaming, LLC v. Vudu, Inc.*,
  CV 19 1792-CFC-SRF, 2021 WL 8155604 (D. Del. Aug. 5, 2021) ........................................6

*Huvepharma Eood & Huvepharma, Inc. v. Associated Brit. Foods, PLC*,
  No. CV 18-129-RGA, 2019 WL 3802472 (D. Del. Aug. 13, 2019).........................................9

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  C.A. No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019).......................................3

*Monterey Research, LLC v. Nanya Tech. Corp.*,
  CV 19-2090, 2021 WL 6502552 (D. Del. June 25, 2021)........................................................8

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
  C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013).......................................7

*Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*,
  2017 WL 2615739 (D. Del. June 16, 2017).............................................................................4

*RAB Lighting Inc. v. Ideal Industries Lighting LLC*,
 C.A. No. 20-1574-RGA, D.I. 73 .................................................................................8

*RetailMeNot, Inc. v. Honey Sci. LLC*,
 CV 18-937-CFC-MPT, 2020 WL 373341 (D. Del. Jan. 23, 2020) ...........................6

*TC Tech. LLC v. Sprint Corp.*,
 CV 16-153-WCB, 2021 WL 4521045 (D. Del. Oct. 4, 2021).....................................8

*Textron Innovations Inc. v. Toro Co.*,
 C.A. No. 05-486 GMS, 2007 WL 7772169 (D. Del. Apr. 25, 2007) ........................4

*WesternGeco LLC v. ION Geophysical Corp.*,
 889 F.3d 1308 (Fed. Cir. 2018)...................................................................................5

*WSOU Investments, LLC v. Netgear, Inc.*,
 CV 21-1117-MN-CJB, 2022 WL 17337924 (D. Del. Nov. 30, 2022) ...................8, 9

Defendant Candela Corporation ("Candela") hereby renews its motion to stay this case in view of the institution of *inter partes* review ("IPR") of all claims the sole patent-in-suit, U.S. Patent No. 10,674,481 ("the '481 Patent"). Candela previously requested a stay pending IPR shortly after the filing of this case and the filing of its petition for IPR. (D.I. 15, 16). The Court denied the motion "without prejudice to renew if the IPR is instituted." (D.I. 19). The IPR has now been instituted on all grounds and on all claims, and Candela therefore renews its request.[1]

Each of the relevant factors strongly favor a stay in this case. Given the PTAB instituted IPR on multiple grounds on every asserted claim, there is a high likelihood that a stay will simplify issues for this Court. This case is still in its early stages. The parties have only recently exchanged initial infringement and invalidity contentions, and are at the outset of fact discovery. The most burdensome parts of the case—claim construction hearing, close of fact discovery, expert discovery, dispositive motions, and pretrial preparations—are all months to a year or more away.

Finally, a stay will not cause undue prejudice or present any tactical disadvantage. The petition for IPR and Candela's requests for stay were brought at the earliest possible opportunities. Plaintiff, in contrast, has exhibited a lack of diligence that belies any potential claims of prejudice, particularly as the parties are not competitors and his role is more akin to that of a non-practicing entity. Therefore, each of these factors weighs heavily in favor of a stay, and the Court should grant Candela's motion to stay pending IPR.

I.   **NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS**

Plaintiff filed his Complaint (D.I. 1) on November 4, 2022, asserting a single count: that Candela allegedly infringes the '481 Patent. Shortly thereafter, on November 18, 2022, Candela

---

[1] The PTAB instituted IPR on June 8, 2023. Candela requested Plaintiff's consent to stay on June 9, 2023. After multiple follow-ups, Plaintiff reported he would oppose the anticipated motion on June 20, 2023. The parties thereafter met and conferred telephonically on June 22, 2023, and determined they were at an impasse as to the requested relief.

filed a petition for IPR of the '481 Patent. In that petition, Candela sought cancellation of all claims. On June 8, 2023, the PTAB instituted IPR on all claims. *See* Exhibit A (Institution Decision).

The Court entered a scheduling order in January 2023 (D.I. 21), pursuant to which Plaintiff served initial infringement contentions in April 2023, and Candela served initial invalidity contentions in May 2023. The parties have exchanged initial written discovery requests and responses (D.I. 26, 27, 30, 31, 34, 36, 38),[2] and Candela has produced core technical documents, but neither Plaintiff nor Candela has begun to produce documents in response to discovery requests. The parties recently exchanged claim terms for construction (D.I. 39, 40) and filed a joint claim construction chart (D.I 42).

All the most burdensome stages of the case remain to be completed. Claim construction briefing has not started and will not be concluded until September 1, 2023, and a claim construction hearing is not scheduled until October 2, 2023 (D.I. 21). Final contentions are not due until the end of the year, expert discovery is not scheduled to be completed until May 2024, and trial is scheduled for October 2024—well more than a year away (D.I. 21).

The instituted IPR involved all of the claims of the only patent-in-suit—the '481 Patent. *See* Exhibit A (Institution Decision). Candela had sought institution on multiple grounds, including two independent grounds each directed to all of the asserted claims. *Id.* The PTAB instituted on every ground advanced by Candela, finding "a reasonable likelihood that these claims [1-28, including all the asserted claims] would have been rendered obvious to a person of ordinary skill in the art." *Id.* at 29.

---

[2] Plaintiff also served a second set of requests for production and a request for inspection on June 21, 2023, for which there is not yet a notice of service of file.

## II.     SUMMARY OF THE ARGUMENT

1. A stay will likely simplify the issues in this case.

2. The case should be stayed because it is relatively early in the schedule, discovery is far from complete, and substantial work remains to be done.

3. Staying this case will neither unduly prejudice nor present a clear tactical disadvantage to Plaintiff, particularly in view of Candela's prompt submission of its IPR petition and this motion, Plaintiff's litigation efforts in California, and the fact that at no point has Plaintiff moved for preliminary injunctive relief.

## III.    ARGUMENT

"The decision to stay a case is firmly within the discretion of the court." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, C.A. No. 05-590 GMS, 2006 WL 2375035, at *5 (D. Del. Aug. 16, 2006). "The standard for granting a stay involves consideration of three factors: (1) whether granting a stay will simplify the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage." *Bio-Rad Lab'ys Inc. v. 10X Genomics, Inc.*, No. CV 18-1679-RGA, 2020 WL 2849989, at *1 (D. Del. June 2, 2020); *see also Consumeron, LLC v. MapleBear Inc.*, CV 21-1147-GBW-MPT, 2023 WL 3434002, at *1 (D. Del. May 12, 2023) (granting renewed motion to stay following institution of IPR on, like here, all asserted claims of all patents-in-suit). Each of these factors favors a stay here.

### A.     There is a High Likelihood A Stay Will Simplify the Issues in this Case.

The first factor strong favors a stay because the PTAB instituted IPR on multiple grounds against every asserted claim. "The most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial." *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, at *8 (D. Del. Aug. 21, 2019). Numerous cases

3

in this District illustrate the case simplification that results where asserted claims are subject to review by the PTAB. *See Bonutti*, 2014 WL 1369721, at *5 (cataloguing ways in which a stay simplifies case issues); *Textron Innovations Inc. v. Toro Co.*, C.A. No. 05-486 GMS, 2007 WL 7772169, at *1 (D. Del. Apr. 25, 2007) (same).

In this case, the PTAB has granted IPR with respect to every asserted claim in the case. This means "the results of the proceedings have a high likelihood of simplifying the issues for this Court," *Consumeron*, 2023 WL 3434002 at *2, and this factor therefore "strongly favors a stay." *Id.* "Should the PTAB find all claims invalid, the litigations would be 'simplified' because it would be concluded." *Id.* "Even if PTAB found some, but not all, of the claims invalid, such a finding would still reduce the issues presented before this Court." *Id.* IPR proceedings will also "creat[e] additional prosecution history" that will be germane to the '481 Patent. *See 454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *3 (D. Del. Nov. 7, 2016). Such additional prosecution history presents the possibility that Plaintiff will need to disclaim claim scope, and his statements to the PTO may be relevant to claim construction and infringement issues. *See Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, 2017 WL 2615739, at *13 (D. Del. June 16, 2017) (citing *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017)).

By contrast, allowing this case to proceed in parallel to the IPR proceedings will make the case even more complex and will invite inconsistent findings given the distinct possibility that the Court and the PTAB may both need to interpret claim scope. Indeed, in opposing the petition for IPR, Plaintiff had argued the failure to construe certain claim elements was fatal, but later in this litigation identified no claim terms for construction. *See* Exhibit A ("Institution Decision") at 11–12; Exhibit B (Plaintiff's Identification of Claim Terms for Construction). The PTAB ultimately

4

found institution appropriate regardless of the claim scope because the prior art encompassed different possibilities, but nevertheless invited the parties to "fully address these issues during trial." Exhibit A (Institution Decision) at 14–15. Thus, if this case proceeds, the risk of conflicting or inconsistent decisions is particularly high. Moreover, allowing parallel proceedings will undermine the intended benefits of the IPR framework—*i.e.*, to provide a "'quick and cost effective alternative[] to litigation.'" *WesternGeco LLC v. ION Geophysical Corp.*, 889 F.3d 1308, 1317 (Fed. Cir. 2018) (quoting H. Rep. No. 112-98, at 48 (2011)).

For all these reasons, this factor strongly favors a stay.

### B.    This Case Is Still in Relatively Early Stages.

The second factor favors a stay because this case is in relatively early stages and substantial work remains to be done by both the parties and the Court. "In considering the stage of litigation, the court asks 'whether discovery is complete and whether a trial date has been set.'" *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, 2014 WL 1369721, at *6 (D. Del. Apr. 7, 2014) (citing *First Am. Title Ins. Co. v. MacLaren, L.L.C.*, C.A. No. 10-363 GMS, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012)). "Staying a case in its early stages advances judicial efficiency and prevents the court and the parties from expending resources on claims that may be rendered invalid." *Bonutti*, 2014 WL 1369721, at *6. "Stays are favored when the 'most burdensome stages of the case – completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice – all lie in the future.'" *Bio-Rad*, 2020 WL 2849989, at *1 (quoting *IOENGINE*, 2019 WL 3943058, at *5).

5

This case is still in a relatively early phase.[3]  Initial patent contentions have been exchanged, and early discovery requests and responses have been served, but neither party has begun to produce documents in response to discovery requests, and the most involved parts of the case—claim construction hearing, fact depositions, final contentions, expert discovery, and dispositive motions—all lie ahead.  *See Helios Streaming, LLC v. Vudu, Inc.*, CV 19 1792-CFC-SRF, 2021 WL 8155604, at *3 (D. Del. Aug. 5, 2021) (finding factor weighs in favor of stay and granting stay where "many of the expenses incurred in fact discovery, expert discovery, claim construction, and trial will be reduced and/or eliminated if a stay is entered"); *see also RetailMeNot, Inc. v. Honey Sci. LLC*, CV 18-937-CFC-MPT, 2020 WL 373341, at *6 (D. Del. Jan. 23, 2020) (granting motion to stay where fact depositions were underway but expert discovery was not yet begun).

Indeed, courts have found this factor to weigh in favor of a stay even in far more advanced cases.  *See Consumeron*, 2023 WL 3434002 at *2 (status of litigation "slightly favors a stay" where the parties had finished expert discovery and trial was scheduled to begin five months later); *see also Ethicon LLC v. Intuitive Surgical, Inc.*, No. C.A. No. 17-871-LPS, 2019 WL 1276029, at *2 (D. Del. Mar. 20, 2019) (granting a stay where fact discovery had concluded, and the case was at "an efficient stopping point.").  A stay is that much more appropriate here given the parties are very nearly at the start of fact discovery and claim construction briefing.

Therefore, the relatively early stage of this case weighs heavily in favor of a stay.

---

[3] "The date on which the motion for a stay is filed is generally regarded as 'the relevant time to measure the stage of litigation.'" *British Telecommunications PLC v. IAC/InterActiveCorp*, CV 18-366-WCB, 2020 WL 5517283, at *5 (D. Del. Sept. 11, 2020) (quoting *Virtual Agility, Inc. v. SalesForce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014)).

### C. A Stay Will Not Unduly Prejudice Plaintiff

The third factor also heavily favors a stay because staying this case pending resolution of IPR proceedings would not unduly prejudice or present a tactical disadvantage to Plaintiff. "The mere potential delay . . . is insufficient to establish *undue* prejudice." *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013). "To better gauge the likelihood of such prejudice arising, the court has considered a number of sub-factors, including 'the timing of the request for [PTAB review], the timing of the request for stay, the status of the [PTAB] proceedings and the relationship of the parties.'" *Id*. (quoting *Boston Sci. Corp, v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011)).

The timing of the request for PTAB review and the timing of the request for the stay both strongly favor a stay. "The more diligent a defendant is in seeking *inter partes* review, the less likely it is that the non-movant will be prejudiced by a stay or that the court will find the defendant's filing of the IPR petition to be a dilatory tactic." *Bonutti*, 2014 WL 1369721, at *2. Candela filed its IPR petition a mere 14 days after the Complaint was filed in this case. Candela also immediately sought a stay at that time—filing its original motion to stay on December 28, 2022, before even the initial scheduling conference. (D.I. 15). That motion was denied "without prejudice to renew if the IPR is instituted," (D.I. 19), which Candela has also diligently done.

Within 24 hours of receiving the notice of institution, Candela requested Plaintiff's consent to stay. Plaintiff refused to provide any position for more than ten days, and was not available to meet and confer until June 22. Thus, although a little more than two weeks have passed since the institution decision, all of that delay is attributable to Plaintiff. Candela has been exceptionally diligent. By bringing its IPR request and this Motion to Stay promptly, Candela has avoided any undue prejudice that Plaintiff could claim to suffer. *See Canatelo LLC v. AXIS Commn's AB*, No. 13-1227, D.I. 57, at 1 n.1 (May 15, 2014) ("The timing of the request for stay suggests no dilatory

7

motive; the defendants filed the motion to stay less than two weeks after filing their IPR petitions.").

The relationship of the parties also favors a stay because the parties are not competitors, and Plaintiff, although suing in his individual capacity, is most analogous to a non-practicing entity. In discovery responses and related correspondence and conferences, Plaintiff has been unable to identify any products or devices made by him beyond that which was described in the complaint—an alleged prototype. (D.I. 1 at ¶ 3). Nor has Plaintiff licensed the '481 Patent to any third-party entity that would otherwise be manufacturing commercial products. *See* Exhibit C (Responses to Candela's First Set of Interrogatories) at 18–19. Thus, Plaintiff is not a competitor of Candela and will not be prejudice by a stay. *See, e.g.*, *WSOU Investments, LLC v. Netgear, Inc.*, CV 21-1117-MN-CJB, 2022 WL 17337924, at *2 (D. Del. Nov. 30, 2022) (stay will not prejudice Plaintiff where the parties are not direct competitors).

Rather, Plaintiff's interest appears to be solely in monetizing the '481 Patent by asserting it against Candela. Like a non-practicing entity, he does "not participate in the relevant market and will not suffer any loss of market share or erosion of goodwill due to a stay." *TC Tech. LLC v. Sprint Corp.*, CV 16-153-WCB, 2021 WL 4521045, at *9 (D. Del. Oct. 4, 2021) (internal quotation omitted) (granting stay pending reexamination after the close of discovery and less than two months from trial); *see also Monterey Research, LLC v. Nanya Tech. Corp.*, CV 19-2090, 2021 WL 6502552, at *1 (D. Del. June 25, 2021) ("The relationship of the parties also favors granting a stay since Plaintiff is a non-practicing entity and does not compete with Defendants.").[4]

---

[4] Even if the parties were considered to be competitors for the purpose of the stay analysis, which as explained herein they are not, the other factors would still strongly support a stay. Indeed, this Court has granted stays pending *inter partes* review even upon finding that the parties were competitors. *RAB Lighting Inc. v. Ideal Industries Lighting LLC*, C.A. No. 20-1574-RGA, D.I. 73, Hr'g Tr. at 28-29 (D. Del. Oct. 14, 2021) (Exhibit D); *see also Bio-Rad Lab'ys Inc. v. 10X Genomics, Inc.*, No. CV 18-1679-RGA, 2020 WL 2849989, at *2 (D. Del. June 2, 2020);

Finally, "the potential for [] delay does not, on its own, amount to undue prejudice." *WSOU Investments*, 2022 WL 17337924, at *2 (granting motion to stay after *Markman* hearing but before issuance of *Markman* opinion and three months before the end of fact discovery). This is especially true in this case in view of Plaintiff's lackluster prosecution of his claims. Plaintiff originally asserted the '481 Patent against Candela Medical, Inc. in the Central District of California on November 24, 2021—more than a year and a half ago. Candela Medical, Inc., moved to dismiss that case for, among other reasons, lack of personal jurisdiction and improper venue. During the eleven months between Plaintiff's filing of his complaint and the Central District of California Court's disposition of the motion to dismiss, at no point did Plaintiff seek to withdraw that complaint to refile in a district without a fatal lack of jurisdiction. Indeed, Plaintiff did essentially nothing to meaningfully progress the case at all. Only after several months did he seek (unsuccessfully) to obtain jurisdictional and venue-related discovery. If anything, that strategy—if successful—would have operated to prolong that case in an improper forum, delaying the ultimate refiling here. In other words, Plaintiff was content to try to keep the case in California rather than pursue a more expeditious resolution elsewhere.

Plaintiff has operated with a similar absence of urgency in this case. Despite being served with discovery requests more than three months ago, Plaintiff has not produced a single document beyond the 176-page file history for the '481 Patent. Candela has also raised serious flaws with Plaintiff's initial infringement contentions, including the fact that he has accused products that predate the filing of the '481 Patent, which he has to-date failed to address in any meaningful way. In addition, tellingly, Plaintiff has not moved for preliminary injunctive relief in this case—nor

---

*Huvepharma Eood & Huvepharma, Inc. v. Associated Brit. Foods, PLC*, No. CV 18-129-RGA, 2019 WL 3802472, at *1 (D. Del. Aug. 13, 2019).

9

did he previously in the Central District of California case against Candela Medical, Inc. Setting aside the substantive reasons why any motion for preliminary injunction would fail, the fact that he filed no such motion cuts against any suggestion that a stay would operate to unfairly prejudice him. The inescapable conclusion is that time is not of the essence and a short delay pending IPR will not prejudice Plaintiff's case.

In short, the absence of undue prejudice to Plaintiff weighs heavily in favor of a stay.

### IV.   CONCLUSION

For the foregoing reasons, Candela prays the Court grant Candela's motion to stay and order all other relief it finds appropriate.

OF COUNSEL:

Mark T. Deming
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
Telephone: (312) 819-1900
mdeming@polsinelli.com

Alison N. Krepel
POLSINELLI PC
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
Telephone: (314) 889-8000
akrepel@polsinelli.com

June 28, 2023

POLSINELLI PC

/s/ Stephen J. Kraftschik
Stephen J. Kraftschik (#5623)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com

*Attorneys for Defendant Candela Corporation*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 28, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

      I further certify that I caused copies of the foregoing document to be served on June 28, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Amy M. Dudash<br>MORGAN, LEWIS & BOCKIUS LLP<br>1201 N. Market Street, Suite 2201<br>Wilmington, DE 19801<br>(302) 574-3000<br>amy.dudash@morganlewis.com<br>  *Attorneys for Plaintiff Nikolai Tankovich* | *BY ELECTRONIC MAIL* |
| Olga Berson<br>MORGAN, LEWIS & BOCKIUS LLP<br>2049 Century Park East, Suite 700<br>Los Angeles, CA  90067-3109<br>(310) 907-1000<br>olga.berson@morganlewis.com<br>  *Attorneys for Plaintiff Nikolai Tankovich* | *BY ELECTRONIC MAIL* |
| David Sean Cox<br>MORGAN, LEWIS & BOCKIUS LLP<br>300 South Grand Avenue., 22nd Floor<br>Los Angeles, CA  90071-3132<br>(213) 612-2500<br>david.cox@morganlewis.com<br>  *Attorneys for Plaintiff Nikolai Tankovich* | *BY ELECTRONIC MAIL* |
| Jason C. White<br>Eugene S. Hwangbo<br>MORGAN, LEWIS & BOCKIUS LLP<br>110 North Wacker Drive, Suite 2800<br>Chicago, IL  60606-1511<br>(312) 324-1000<br>jason.white@morganlewis.com<br>eugene.hwangbo@morganlewis.com<br>  *Attorneys for Plaintiff Nikolai Tankovich* | *BY ELECTRONIC MAIL* |

Melissa Story                                                               *BY ELECTRONIC MAIL*
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
(713) 890-5000
melissa.story@morganlewis.com
  *Attorneys for Plaintiff Nikolai Tankovich*

                                                              */s/ Stephen J. Kraftschik*
                                                            Stephen J. Kraftschik (#5623)