

POLSINELLI®

222 Delaware Avenue, Suite 1101, Wilmington, DE 19801 • (302) 252-0920

Original Filing Date:  April 21, 2025
Redacted Filing Date: April 30, 2025

Stephen J. Kraftschik
(302) 252-0926
(302) 397-2659 (Fax)
skraftschik@polsinelli.com

**By CM/ECF and Hand Delivery**

Magistrate Judge Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street, Room 6100
Wilmington, DE 19801-355

**REDACTED
PUBLIC FILING**

Re:     **Tankovich v. Candela Corp., C.A. 22-1458**

Dear Judge Fallon,

The undersigned represents Defendant Candela Corporation. We write pursuant to Your Honor's Order (D.I. 115) regarding Defendant's Motion to Resolve Discovery Disputes (D.I. 114).

## I.     Background

This is a patent infringement case in which Plaintiff alleges infringement of claims 1, 2, 4, and 6–9 (the "Asserted Claims") of U.S. Patent No. 10,675,481 ("the '481 patent"). Plaintiff filed his complaint on November 4, 2022 (D.I. 1). During the course of written discovery and exchange of patent contentions, the parties previously reached an impasse as to the adequacy of Plaintiff's infringement contentions, which was resolved by Judge Hall (D.I. 62, 67, 72) and resulted in Plaintiff serving its second supplemental infringement contentions. *See* Ex. A (2d Supp. IIC).

After Plaintiff served those contentions, the Court held a Markman hearing and entered a claim construction order, construing the terms "first laser scanner" and "second laser scanner," which appear in the only independent asserted claims (D.I. 95). The Court also granted Defendant's motion to stay the case pending resolution of a co-pending IPR (D.I. 92).

After the final written decision upholding the claims of the '481 patent, the parties filed a status report regarding whether stay of the case should continue pending Defendant's appeal (D.I. 98). Among the reasons Defendant gave for continuing the stay was the adoption of an additional claim construction in the IPR that required "simultaneous"—and not "sequential"—delivery of overlapping and non-overlapping beams recited in claim 1, which was inconsistent with Plaintiff's stated infringement theory. *Id.* at 5–6. Plaintiff opposed continuing the stay, *id.* at 2–5, and on July 11, 2024, the Court re-opened the case and lifted the stay (D.I. 99).

In October 2024, Defendant wrote to Plaintiff regarding open issues that needed to be resolved given the reactivation of the case: (a) the inadequacy of Plaintiff's infringement

Atlanta | Boston | Chicago | Dallas | Denver | Fort Lauderdale | Fort Worth | Houston
Kansas City | Los Angeles | Miami | Nashville | New York | Park City | Philadelphia | Phoenix | Raleigh
Salt Lake City | San Diego | San Francisco | Seattle | St. Louis | Washington, D.C. | Wilmington

polsinelli.com

April 21, 2025
Page 2

contentions in view of the Court's claim construction as well as the PTAB's construction in the IPR, Ex. B; (b) the inadequacy of document production by third parties Lazerna, LLC ("Lazerna") and Paradigm Medical Corporation ("Paradigm") (each of which is believed to be controlled by Plaintiff) in response to duly-served subpoena, Exs. C, D; (c) the inadequacy of Plaintiff's interrogatory answers, Ex. E; and (d) the inadequacy of Plaintiff's document production Ex. F.

Plaintiff requested additional time to address these issues due to issues beyond his control. Defendant repeatedly accommodated that request, but was still diligent in seeking responses on multiple occasions, including on October 25, October 29, November 21, November 26, December 2, December 20, January 17, January 21, January 30, and February 28. Although Plaintiff has repeatedly promised to respond to Defendant's letters (most recently on April 4), to date no responses have been received and verbal meet-and-confers have been unproductive.

## II.      Adequacy of Plaintiff's Infringement Contentions

Plaintiff's second supplemental infringement contentions remain inadequate because they do not articulate a theory of infringement for two limitations: (a) a "second laser in optical communication with a second laser scanner"; and (b) "overlapping and non-overlapping beams".

### A.      Second Laser Scanner

Claim 1 recites "first" and "second" laser scanners that are in optical communication with "first" and "second" lasers. In his contentions, Plaintiff identifies a single scanner—a mirror—as satisfying both limitations. Ex. A at A-8, A-13. At the claim construction stage, "[t]he parties' sole claim construction dispute" was "whether the plain and ordinary meaning of a 'first' and 'second' scanner includes 'a single scanner.'" (D.I. 82 at 3); *see also id.* 3 (Plaintiff stating his position that the claim language could encompass a configuration with "a single device scanning two lase beams and creating two patterns"); *see also id.* at 10–31 (the parties' briefing on the issue, which was the only disputed claim term).

The Court resolved this question in Defendant's favor. Ex. G, (Markman Hr'g Tr. at 34:16–20 ("So, I do think the second laser scanner is something different than the first laser scanner. And so, I'm going to adopt the -- actually I guess it was my proposed construction, but essentially Defendant's proposed construction."); *see also id.* at 17:8–15 ("The [Court's]] proposed revision of yours [Defendant's] was really just to simplify it. … the reason I proposed it was I thought that what I was proposing was essentially the same as what you [Defendant] had already proposed. I just thought it was less clunky."). Although the Court acknowledged "some minor revision to this might be possible later on at some point," it clearly stated that "I don't think the Plaintiff is right to say that the first laser scanner and the second laser scanner can be the exact same thing." *Id.* at 35:1-4.

Accordingly, as Defendant explained in its October 2024 letter, Plaintiff's identification of "Redacted [as] both the first and second laser scanner" does not satisfy the claims under the Court's construction. Ex. B. On several calls since then, Plaintiff's counsel has repeatedly stated that they think their expert can nonetheless come up with a theory that fits Plaintiff's infringement case within the Court's construction. But Plaintiff has never offered an explanation of the factual basis on which it will contend Redacted can be both a first and

April 21, 2025
Page 3

second scanner. Defendant should not have to defend against infringement in the dark.

If Plaintiff has a basis for alleging infringement, he should supplement his contentions to explain it, or else Defendant should not be required to respond to a new theory for the first time at the expert discovery phase. *See, e.g.*, *Intellectual Ventures I LLC v. AT&T Mobility LLC*, CV 13-1668-LPS, 2017 WL 658469, at *2 (D. Del. Feb. 14, 2017) (finding inadequate and striking contentions that failed to apply the Court's claim construction). Therefore, Defendant requests the Court order Plaintiff to supplement his contentions to state any and all bases he has for contending the Accused Products include both a "first" and "second" scanner under the Court's construction.

### B.  Overlapping and Non-overlapping Beams

Claims 1 recites "[a] laser system for administering two or more beams of laser energy for tissue therapy" that includes requires a first pattern and a second pattern that "combine to produce overlapping and non-overlapping beams." For this, Plaintiff relies on Redacted
. Based on these examples, Plaintiff contends
"Redacted
."

This is not a sufficient contention because the Accused Products, as made, sold, and directed to be used, Redacted " Thus, the Accused Products produce only overlapping beams, and do not produce non-overlapping beams. Redacted
. Such a configuration would also not be consistent with the use of the system for administering energy for tissue therapy. Thus, to the extent the Accused Products ever produce non-overlapping beams, it is only when Redacted
. Therefore, Defendant requests the Court order Plaintiff to supplement his contentions to provide a basis for infringement based on the Accused Products as they are made, sold, and directed to be used.

Additionally, during the IPR, Plaintiff sought and obtained a construction of the claims requiring the ***simultaneous*** delivery of overlapping and non-overlapping beams. Plaintiff's Contentions do not allege the Accused Products deliver overlapping and non-overlapping beams simultaneously. To the contrary, Plaintiff's contentions allege the existence of overlapping and non-overlapping beams during two distinct and mutually exclusive modes of operation that could only be entered sequentially. Plaintiff acknowledges this construction, if upheld by the Federal Circuit, will be binding (D.I. 119 at 4 ("the Federal Circuit's ruling on claim constructions for the '481 Patent will be binding on the parties in this case")). Plaintiff has also suggested during meet-and-confers that he does not have a basis for infringement under this construction. If so, Plaintiff should state this plainly in his contentions, or if he believes there is a basis for infringement, he should disclose it. Therefore, Defendant requests the Court order Plaintiff to supplement his contentions to either concede non-infringement or else to provide a basis for infringement.

April 21, 2025
Page 4

### III.    Plaintiff's and Related Third-Parties' Deficient Responses to Discovery Requests

In September 2023, Defendant subpoenaed documents and testimony from Lazerna and Paradigm, entities believed to be under Plaintiff's control. *See, e.g.*, Ex. G (Markman Hr'g Tr. at 36:20–24 ("he owns a majority percentage of Paradigm"). Lazerna and Paradigm, represented by the same counsel that is representing Plaintiff, responded and said they would produce documents. No documents have ever been produced, and follow-up requests have been ignored. Exs. H, I. Defendant requests the Court order compliance with the subpoenas.

Plaintiff's answers to interrogatories are deficient. Exs. J, K (Plaintiff's answers). Specifically, in answers to interrogatory Nos. 5, 13, 14, 15, 17, 20, and 21, Plaintiff invoked Rule 33(d) but failed to specifically identify any materials. *Id.* Plaintiff also refused to provide a substantive response to Interrogatory No. 6, seeking validity contentions. *Id.* Defendant requests the Court order Plaintiff to provide fulsome answers to these interrogatories.

Plaintiff's document production has also been deficient. Exs. L, M. A central part of Plaintiff's case is his contention that he sent materials to Defendant that Defendant allegedly used to design its Accused Product. Defendant requested Plaintiff produce copies of whatever he allegedly sent (RFP 13), but he has not. For several categories of documents, Plaintiff said he would produce materials but so far has not: first awareness of Defendant and the Accused products (RFPs 4, 6); the alleged meetings with Defendant or its representatives (RFPs 11, 12); non-privileged analyses of the '481 patent or the Accused Products (RFPs 8, 9, 10); possible prior art (RFPs 37, 43, 75); evidence of alleged secondary considerations (RFPs 38, 42); alleged actual notice of Defendant of the '481 patent (RFP 16); materials related to damages, including evidence of units manufactured or sold, revenues, profits, costs, marking, etc. (RFPs 40, 48, 49, 50, 51, 73, 74, 78, 79); and evidence of irreparable harm (RFP 80). Defendant requests the Court order Plaintiff to produce the documents he said he would produce.

Defendant also requested materials related to licensing, valuation, and allegedly comparable licenses (RFPs 27, 34, 71, 72). Plaintiff produced Redacted . Plaintiff has not produced any documents related to Redacted . Moreover, Redacted . It is also understood that Plaintiff has a history of licensing or assigning other of his inventions, but he has not produced any of those other agreements. Finally, Plaintiff improperly tried to unilaterally limit the scope of requests related to public disclosures and the relationships with Lazerna and Paradigm (RFPs 39, 45, 64, 65). Defendant requests the Court order Plaintiff to produce all materials responsive to the full scope of these requests.

Sincerely,

*/s/ Stephen J. Kraftschik*

Stephen J. Kraftschik (#5623)

SJK:ncf
Enclosures
cc:  All Counsel of Record (via e-mail)